Caroline K. Simon, J.
Claimants were the owners of a 50-year-old apartment house located at 434 West 164th Street between Edgecombe and Amsterdam Avenues in Manhattan. It was five stories high with 22 dwelling units, four on each floor and two in the basement.
Adjoining the property to the east was a vacant lot which was owned by and was a part of Mother Cabrini Memorial Hospital located at 611 Edgecombe Avenue around the corner from claimants’ property.
After the latter property had been acquired by the State of New York for use as a narcotic addiction center, the firm of John Lowry, Inc., contractors, entered into a contract with the Mental Hygiene Facilities Improvement Fund to alter, improve, remodel and renovate the hospital’s premises and property.
It is claimants’ contention that the negligent drilling, excavating and heavy trucking incidental to this work caused extensive damage to the Finkelstein property’s walls, fencing and *48 interior, and that a line of fault was caused to run through their entire building, endangering its safety and lessening its value. They bring this action for negligence of the State of New York. Their amended claim asserts that this negligently caused damage occurred on or about February 27, 1967.
The original claim was timely filed with the Clerk of the Court of Claims on May 6,1967 and in the Department of Law on May 8,1967. The amended claim, specifying the time when the damage was alleged to have been caused, was filed in the Department of Law on April 15, 1969, and with the Clerk of the Court of Claims on April 16, 1969. The claim has neither been tried, nor assigned, nor brought before any other court or tribunal for determination.
During three days of trial, testimony was adduced by Mr. Finkelstein as to the damage, supported by the testimony of his superintendent who lived on the premises, and by claimants ’ expert, an architect with experience in dwelling rehabilitation. This last witness stated that he had visited the premises and examined the property, and definitely attributed the damage to the use of jack hammers, powered by compressors, or electric hammers, used to break up the concrete, causing vibration, as well as the compaction of the soil by the trucking of heavy materials. He estimated the cost to repair the damage at about $35,000.
The State offered the testimony of three witnesses, a resident inspector from the State Architect’s office, the assistant to the district supervisor and in charge of the area, and the superintendent in charge of the project. They all agreed that no vibration by drilling or trucking had been severe enough to do any damage to claimants ’ neighboring building, and stated that whatever cracks appeared in that structure were ancient in origin and not caused by the activities they supervised.
Claimants and one of their witnesses asserted that jack hammers were used by the construction workers. The State’s proof was that no jack hammers were used, but that electric hammers were used. The claimants’ expert testified that the damaging result would be the same whether the jack hammer or electric hammer was used. The court finds that the preponderance of evidence is that the electric hammer was used.
At the conclusion of the trial, the State’s counsel moved to dismiss the claim on the ground that the court had no jurisdiction of the matter. He submitted a trial memorandum on this point. The court reserved decision on the motion.
This memorandum was based on chapter 932 of the Laws of 1963, effective April 30, 1963, titled “ Mental Hygiene Facilities *49 Improvement Fund ’ ’, and especially subdivision 1 of section 29-j which reads as follows: 11 The state supreme court shall have exclusive jurisdiction of any action, suit or special proceeding brought by or against or involving the fund. The venue of any action, suit or special proceeding brought against the fund shall be laid in the county of Albany.”
The court has read the terms of the contract and finds that the situation as outlined here falls within the law which was in effect on the date the damage was alleged to have been caused. This section remained as law until it was repealed and replaced by chapter 359 of the Laws of 1968, effective June 1, 1968, titled “ Health and Mental Hygiene Facilities Improvement Act ” creating a corporation to replace the Fund which it abolished.
Though the court notes with regret that trial time was used and witnesses were produced and heard before the motion to dismiss was made, such a motion can be made, heard and determined at any time during the proceeding. (See CPLR 3211, subd. [a], par. 2 and subd. [e].)
The contract specifically states: “ This is a mental hygiene facilities improvement fijnd project. The Fund, a public benefit corporation, was created to assure that the required facilities are completed and ready for use as promptly as possible.” Since the law precisely requires that all legal matters relating to the Mental Hygiene Facilities Improvement Fund come before the State Supreme Court, this court has no jurisdiction.
The court is bound by the cited legislative enactments and therefore grants the State’s motion, on which decision had been reserved. The claim must be and hereby is dismissed.